UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WINSTON JONES,**

    **Plaintiff,**

v.                                                                  Case No.

**VERIZON COMMUNICATIONS, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **WINSTON JONES** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **VERIZON COMMUNICATIONS, INC.** ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages, exclusive of interest, fees, and costs, and for declaratory relief, for violations of the Americans with Disabilities Act of 1990, as amended ("ADA", 42 U.S.C. §12101 *et seq.*), and the Florida Civil Rights Act ("FCRA," Fla. Stat. §760.01 *et seq.*).

2. This court has subject matter jurisdiction under 28 U.S.C. § 1331, and 42 U.S.C. § 2000e et seq., and supplemental jurisdiction under 28 U.S.C. § 1367.

3. Venue is proper in the Middle District of Florida, because the events giving rise to this claim arose in Hillsborough County, which lies within the Middle District of Florida.

## PARTIES

4. Plaintiff is a resident of the State of Florida.

5. Defendant is authorized and doing business in the State of Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the FCRA and the ADA.

10. At all times material hereto, Defendant was an "employer" within meaning of the FCRA and the ADA.

11. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's protected rights.

## FACTS

12. Plaintiff worked for Defendant in a satisfactory manner as a Business Development Representative from on or around September 10, 2018 until his unlawful termination on or around June 4, 2020.

13. Plaintiff was never subject to any write ups or reprimands throughout his tenure with the company.

14. Plaintiff suffered from severe ankle and back injuries on or around February 27, 2020, which substantially limited one or more of his major life activities. Thus, Plaintiff suffered from a qualified disability pursuant to the ADA.

15. Shortly after being injured, Plaintiff sought medical treatment for his injuries. After several doctors' visits, it was determined that Plaintiff would need a reasonable accommodation in the workplace related to his qualified disability.

16. Plaintiff immediately apprised Defendant of his injuries and need for accommodations in the workplace shortly after this assessment was made by his doctors.

17. Shortly after, Plaintiff was subjected to disparate treatment by Defendant on account of his qualified disability.

18. Specifically, Mr. Jones was targeted by his Manager for missing work due to his qualified disability.

19. While he was out treating his disability, his Manager texted him questioning whether he would be returning to work.

20. Plaintiff advised that he was in need of a reasonable accommodation and was currently working with Defendant for those accommodations.

21. Immediately thereafter, Defendant accused Plaintiff of inflating his sales statistics and further that his work performance was poor.

22. As stated previously, Mr. Jones's workplace performance was never an issue throughout his several years of employment with Defendant.

23. However, the moment Plaintiff apprised Defendant of his qualified disability and need for a reasonable accommodation, his workplace performance suddenly became an issue.

24. Plaintiff complained of the disparate treatment he was subjected to in the workplace.

25. No remedial action was taken related to Plaintiff's complaints. Instead, Defendant chose to summarily dismiss his complaints and terminate him shortly after complaining for alleged poor and improper performance in the workplace.

26. Defendant's reason for termination is pretext because Plaintiff did in fact perform his duties in a satisfactory manner and acted proper and reasonably under the circumstances.

27. Instead of engaging in an interactive process with Plaintiff, Defendant chose to take adverse employment action against him by retaliating against him for engaging in protected activity under the FCRA and the ADA.

28. Defendant's action were willful and done with a reckless disregard for Plaintiff's rights under the FCRA and the ADA.

29. Defendant's reason for terminating Plaintiff is pretext.

## **COUNT I – FCRA VIOLATION (DISCRIMINATION)**

30. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. Plaintiff is a member of a protected class under the FCRA.

32. Plaintiff was subjected to disparate treatment.

33. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

34. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award liquidated damages to Plaintiff;

(e) Award reasonable attorney's fees and costs to Plaintiff; and

(f) Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT II – FCRA RETALIATION

35. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 29 of this Complaint as though fully set forth herein.

36. Plaintiff is a member of a protected class under the FCRA

37. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

38. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

39. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award liquidated damages to Plaintiff;

(e) Award reasonable attorney's fees and costs to Plaintiff; and

(f) Additional relief to which Plaintiff is entitled, including equitable relief.

## **COUNT III —ADA VIOLATION**
## **(DISCRIMINATION)**

50. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 29 of this Complaint as though fully set forth herein.

51. Plaintiff is a member of a protected class under the ADA.

52. Plaintiff was subjected to disparate treatment.

53. Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

54. Defendant's actions were willful and done with malice.

55. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT VI — ADA RETALIATION

56. Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of this Complaint, as though fully set forth herein.

57. Plaintiff is a member of a protected class under the ADA.

58. Plaintiff exercised or attempted to exercise his rights under the ADA, thereby engaging in protected activity under the ADA.

59. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating his employment.

60. Defendant has taken material adverse action against Plaintiff.

61. Defendant's actions were willful and done with malice.

62. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

  (a) A jury trial on all issues so triable;

  (b) That process issue and that this Court take jurisdiction over the case;

  (c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

  (d) Compensation for lost wages, benefits, and other remuneration;

  (e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

  (f) Front pay;

  (g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 15 day of February, 2021.

Respectfully submitted,

**CHAD A. JUSTICE**
Florida Bar Number: 121559
**JUSTICE FOR JUSTICE LLC**
1205 N Franklin St
Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: chad@getjusticeforjustice.com
**Attorney for Plaintiff**